IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONVILLE JAMES               )<br>                                             )<br>         Plaintiff,                        )<br>                                             )<br>    v.                                      )     Civ. No. 06-1951 (GK)<br>                                             )<br>UNITED STATES SECRET SERVICE )<br>FEDERAL BUREAU OF INVESTIGATION )<br>DEPARTMENT OF JUSTICE        )<br>         Defendants.                  )<br>_____ ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO THEIR MOTIONS FOR SUMMARY JUDGMENT**

Defendants, by and through counsel, hereby reply to Plaintiff's Opposition to Defendants' dispositive motion. Plaintiff has raised no challenges to the exemptions asserted nor makes any challenges any other grounds asserted for dismissal of this action. Rather, plaintiff seeks to circumvent the statutory bars under the Freedom of Information Act (FOIA) on accessing information of his criminal file and, alternatively, raise constitutional or <u>Bivens</u> -like challenges to the withholding of such criminal file. First, Plaintiff summarily argues that exemption (b)(7)(A) is "NOT JUSTIFIED," because it is in the public interest for him to use this information to challenge his criminal trial. Plaintiff's Opposition at pp. 19-24. Next, Plaintiff argues that exemption (b)(7)(C) is "NOT JUSTIFIED," because there are " no privacy interests at stake in disclosure," due to the fact that his criminal trial was a public trial. Pl. Opposition at p. 26. Finally, Plaintiff argues that exemption (b)(7)(C) is "NOT JUSTIFIED," because Plaintiff summarily states "Allen Dubon was not a confidential source " Pl. Opposition at p. 27.

This Court has held that "a motion for summary judgment adequately underpinned is not

defeated simply by bare opinion or an unaided claim that a factual controversy persists." Judicial Watch, Inc. v. HHS, 27 F. Supp. 2d 240, 243-44 (D.D.C. 1998) (explaining that plaintiff's "bare suspicion" will not call into question adequacy of agency's search).  Even a pro se plaintiff will be found to have conceded the government's factual assertions if he fails to contest them, once it is clear that he understands his responsibility to do so.  McNamara v. Nat'l Credit Union Ass'n, 264 F. Supp. 2d 1, 4 (D.D.C. 2002) (treating as conceded defendant's statement of material facts because plaintiff filed motion to dismiss without prejudice rather than opposition to summary judgment motion).  Moreover," [c]ourts have consistently held that a requester's opinion disputing the risk created by disclosure is not sufficient to preclude summary judgment for the agency when the agency possessing the relevant expertise has provided sufficiently detailed affidavits." [1]  Finally, summary judgment will not be defeated by unsupported claims that an agency is withholding information. Steinberg v. United States Dep't of Justice, 179 F.R.D. 357, 360 (D.D.C. Apr. 28, 1998) (finding summary judgment not defeated "with pure conjecture about the possible content of withheld information, raising 'some metaphysical doubt as to the material facts.'" (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

In the instant case, plaintiff has an unreasonable expectation that he is entitled to the

---

[1]Goldberg v. United States Dep't of State, 818 F.2d 71, 78-79 (D.C. Cir. 1987) (Exemption 1); Spannaus v. United States Dep't of Justice, 813 F.2d 1285, 1289 (4th Cir. 1987) (Exemption 7(A)); Curran v. Dep't of Justice, 813 F.2d 473, 477 (1st Cir. 1987) (Exemption 7(A)); Windels, Marx, Davies & Ives v. Dep't of Commerce, 576 F. Supp. 405, 410-11 (D.D.C. 1983) (Exemptions 2 and 7(E)); see also Lindsey v. NSC, No. 84- 3897, slip op. at 3 (D.D.C. July 12, 1985) (holding that a FOIA plaintiff cannot defeat summary judgment by saying that he will raise genuine issue "at a time of his own choosing").

entire contents of criminal file, yet has no challenge to the legal bases under which such documents were withheld. His general responses of negating the exemptions and declarations of defendant fail to address any material issues in defendants' motions for summary judgment. Moreover, with respect to his allegation that records exist, Pl. Opposition at 19, 22, & 25, plaintiff's "assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search." Oglesby v. U.S. Dept. of Army , 920 F.2d 57 at 67 n.13. Nor can "[plaintiff's speculation that additional or different documents may exist" [be] sufficient to rebut presumption of reasonable search because "[i]t is the method of search that determines whether it was reasonable, rather than the results") Hightower v. FBI, No. 98-2817, slip op. at 7 (D.D.C. Mar. 20, 2000). Here, plaintiff generally challenges the response of withholding of documents without demonstrating that such withholdings are inadequate under FOIA. The fact that his criminal trial was held in a public forum does not address the privacy concerns of documents containing informants and law enforcement officers which were used to adjudicate that proceeding. In addition, plaintiff's personal belief that it is in the public interest to challenge the "injustice" in his criminal trial by allowing unfettered access to his criminal file also fails to address the bases for exemptions asserted by defendant.

     Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory

allegations of the complaint or answer with conclusory allegations of an affidavit."). Plaintiff does not dispute any of the relevant material facts concerning the agency's FOIA search. Such factual disputes alleged by plaintiff, such as the fact that Alan Dubon is not a confidential source or that plaintiff's trial was public thus no privacy issues are present, will not put into genuine dispute any relevant material fact.

The FOIA confers jurisdiction upon the District Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). The courts have interpreted this section of the statute to mean that jurisdiction only exists upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records. See <u>Kissinger v. Reporters Committee for Freedom of the Press</u>, 445 U.S. 136, 150 (1980).

"The plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." <u>Kuffel v. U.S. Bureau of Prisons</u>, 882 F.Supp. 1116, 1120 (D.D.C. 1995) (<u>citing</u> Kissinger, 445 U.S. at 151.) Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." Defendants, within their Motion for Summary Judgment, have demonstrated that they conducted adequate searches and that were responsive documents were found the appropriate exemptions were asserted. Thus, Plaintiff has failed to rebut the adequacy of the search or the bases for the withholdings. Therefore the defendant's motion for summary judgment should be granted. As mentioned above, a <u>pro</u> <u>se</u> plaintiff will be found to have conceded the government's factual assertions if he

fails to contest them, once it is clear that he understands his responsibility to do so.[2]

Wherefore, it is respectfully requested that the Court enter judgment in favor of defendant.

                    Respectfully submitted,

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

Counsel for Defendants

---

[2] See Davis v. CIA, No. 4: CV-99-838, slip op. at 4-5 (M.D. Pa. Nov. 18, 1999); Knight v. FDA, No. 95-4097, 1997 WL 109971, at 1 (D. Kan. Feb. 11, 1997); Nuzzo v. FBI, No. 95-cv-1708, 1996 U.S. Dist. LEXIS 15594, at 8-9 (D.D.C. Oct. 8, 1996); Butler v. Department of the Air Force, 888 F. Supp. 174, 178-79 (D.D.C. 1995), aff'd per curiam, No. 96-5111 (D.C. Cir. May 6, 1997); see also Hart v. FBI, No. 94 C 6010, *slip op.* at 4 (N.D. Ill. Apr. 6, 1995) (holding that "plaintiff has not asserted any facts which convince this Court that the FBI has any records which relate to him or has failed to conduct an adequate search"), aff'd, 1996 U.S. App. LEXIS 17684, at 8-9 (7th Cir. July 16, 1996).