UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONVILLE JAMES,         )
                        )
    Plaintiff,          )
                        )
        v.              )    Civil Action No. 06-1951 (GK)
                        )
U.S. SECRET SERVICE, et al.,  )
                        )
    Defendants.         )

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1] Plaintiff challenges the disposition of his FOIA requests by the Federal Bureau of Investigation ("FBI") and the United States Secret Service ("Secret Service"). Defendants have moved for summary judgment and Plaintiff has filed an opposition thereto. Based on the undisputed facts, the applicable law, and the parties' briefs, exhibits, and declarations, the Court will grant the Defendants' motion.

**I. BACKGROUND**

**A. Federal Bureau of Investigation**

On August 17, 2005, Plaintiff sent a FOIA request to FBI's Headquarters seeking information in the agency's records pertaining to him, including investigative reports, agents assigned to investigate his criminal case, and information regarding a third party, Allen Duban. Compl. at 3-5; Decl. of David M. Hardy, Ex. A. On September 9, 2005, the FBI informed Plaintiff that a search of its central records system files yielded no records responsive to his request. Decl. of David M.

---

[1] Plaintiff also cites the Privacy Act, 5 U.S.C. § 552a, in sections of the complaint, but he has not made any specific allegations or identified actions by the Defendants that would violate this statute. Therefore, the Court will construe this action solely as one brought under FOIA.

Hardy, Ex. B. Plaintiff was also advised that he could file an administrative appeal to the Office of Information and Privacy ("OIP"). *Id.*

On September 27, 2005, Plaintiff submitted a FOIA request to the FBI's Chicago Field Office ("CFO") for all records pertaining to himself and Allen Duban. *Id.* ¶ 7 & Ex. C. After searching its files system, on December 14, 2005, the FBI advised Plaintiff that it had reviewed 77 pages of records responsive to his request, and that 13 pages were being released to him. *Id.* ¶ 9 & Ex. E. The remaining pages were withheld pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions 2, 6, (7)(C), (7)(D), and (7)(E). *Id.*

In its search for documents responsive to Plaintiff's FOIA request, the FBI also discovered documents which originated with or contained information concerning other government agencies. *Id.* The FBI referred this information to the other agencies for a direct response to Plaintiff. *Id.* Plaintiff was advised of his right to appeal to the OIP. *Id.*

On January 30, 2007, the FBI sent a supplemental response to Plaintiff's records requests. *Id.* ¶ 10 & Ex. F. The FBI released two additional pages to Plaintiff with redactions pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions 2,6, 7(C), and (7)(D). *Id.* The FBI's letter also informed Plaintiff that a search of its electronic surveillance records failed to disclose any responsive records and that absent a privacy waiver or proof of death, it could neither confirm nor deny the existence of records concerning Allen Duban. *Id.*

The OIP is the office authorized to review FOIA appeals of FBI release determinations. *Id.* The OIP has no record of Plaintiff filing an administrative appeal stemming from the FBI's September 9, 2005, December 14, 2005, and January 30, 2007 letters. *Id.* Plaintiff did not exhaust the administrative remedies available to him prior to initiating this litigation. *Id.*

### B. United States Secret Service

In a letter to the Secret Service dated August 22, 2005, Plaintiff requested all information in the agency's files regarding its investigation of him and documents pertaining to a third party, Allen Duban. Decl. of Kathy J. Lyerly ¶ 4 & Ex. 1. The Secret Service located two files responsive to Plaintiff's request maintained in the Chicago Field Office, an Investigative File and an Asset Forfeiture File. *Id.* ¶¶ 11-13. The Investigative File consists of 361 pages of documents compiled in connection with the Secret Service's criminal investigation of Plaintiff. *Id.* ¶18.

On January 18, 2007, the Secret Service informed the Plaintiff that no responsive material could be released to him at this time pursuant to FOIA Exemption 7(A), since disclosure of the material could reasonably be expected to interfere with ongoing enforcement proceedings. *Id.* ¶ 6. Plaintiff's appeal of his criminal conviction is pending in the Court of Appeals for the Seventh Circuit. *Id.* ¶ 18. In addition, the agency invoked Exemption 7(C) to justify withholding the names and other identifying information of Secret Service personnel and third parties. *Id.* ¶ 24.

The other file responsive to Plaintiff's records request concerns a forfeiture action and property seized from the Plaintiff during the course of the criminal investigation of him. *Id.* ¶13. The documents in this file, with redactions to protect the identity of law enforcement personnel and third parties, has been disclosed to Plaintiff as a part of this litigation. *See id.* Ex. 3.

### II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely

4

speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted).

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

Defendant FBI moves to dismiss on the ground that Plaintiff has not exhausted his administrative remedies. A party must exhaust the available administrative remedies under FOIA prior to seeking relief in federal court. *Oglesby v. Dept' of the Army*, 920 F.2d 57, 61-62 (D.C.Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002). Exhaustion is generally required "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. FOIA's exhaustion requirement, however, is not jurisdictional. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003).

To exhaust administrative remedies under the FOIA, a party must first appeal to the head of the agency; in this case, the OIP. *Judicial Watch, Inc. v. FBI*, 190 F.Supp.2d 29, 32-33 & n. 1 (D.D.C. 2002). In response to his FOIA requests, the FBI sent Plaintiff three letters outlining the results of their searches for records and advising him of his right to appeal to OIP. *See* Decl. of David M. Hardy ¶¶ 6, 9, 10 & Exs. B, E, F. OIP does not possess any records indicating that Plaintiff appealed the FBI's responses to his FOIA requests. *See id.* ¶ 34.

Plaintiff does not dispute the FBI's position that he failed to exhaust. In fact, Plaintiff's opposition brief does not address his FBI FOIA request at all. Since Plaintiff did not exhaust his

5

administrative remedies, he cannot seek judicial review of the FBI's disposition of his FOIA request.

## B. Adequacy of the Search

To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id*. at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68. In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Id.*

In response to Plaintiff's FOIA request, the Secret Service conducted a search in the agency's Master Central Index ("MCI"). Decl. of Kathy J. Lyerly ¶ 8. The MCI is an on-line computer system used by all Secret Service offices and divisions and maintains information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service. *Id.* ¶¶ 9-10. Secret Service records on individuals are indexed by name, social security number, and/or date of birth. *Id.* ¶ 10. All Secret Service field offices enter into the MCI the names of individuals who are subjects in the office's investigative or administrative files. *Id.* The Secret

Service's search of MCI was conducted using Plaintiff's name. *Id.* ¶ 8. The search produced three files of documents in the Chicago Field Office. *Id.* ¶ 11.

It is apparent from the declaration submitted by the Secret Service that it has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996)(citing *Oglesby*, 920 F.2d at 68); *see also* Decl. of Kathy J. Lyerly ¶ 14. As such, the search for Plaintiff's requested records was adequate to fulfill Secret Service's obligations under FOIA.

The Court will next review whether the Secret Service properly claimed that certain records were exempt from disclosure under the statute.

### C. Exemption 7(A)

The Secret Service cites Exemption 7(A) as a basis for withholding certain records pertaining to its criminal investigation of Plaintiff. *See* Decl. of Kathy J. Lyerly ¶¶ 17-18. That exemption shields from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records could ... interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). For the exemption to apply, the agency is only required to show that disclosure of records would interfere with a "concrete prospective law enforcement proceeding." *Carson v. U.S. Dep't of Justice*, 631 F.2d 1008, 1018 (D.C. Cir. 1980). Exemption 7(A) is properly applied to criminal investigative files of an ongoing criminal investigation. *Delviscovo v. FBI*, 903 F.Supp. 1, 3 (D.D.C. 1995).

On September 10, 2002, Plaintiff was convicted of several criminal offenses as a result of a Secret Service investigation into Plaintiff's counterfeiting activities. Decl. of Kathy J. Lyerly ¶ 18. The agency declaration asserts that the criminal investigation is ongoing because Plaintiff's appeal

of his criminal conviction is pending before the Court of Appeals for the Seventh Circuit. *Id.* A pending appeal of a criminal conviction qualifies as an ongoing or prospective law enforcement proceeding for purposes of Exemption 7(A). *Kidder v. Fed. Bureau of Investigation*, No. 05-1094, 2007 WL 1020784, at *8 (D.D.C. Mar. 29, 2007); *Kansi v. United States Dep't of Justice*, 11 F.Supp.2d 42, 44 (D.D.C. 1998).

The withheld records outline the Secret Service's investigation. Decl. of Kathy J. Lyerly ¶ 18. The agency asserts that until Plaintiff's conviction is final, release of the withheld information could reasonably be expected to cause substantial harm. *Id.* ¶ 19. Disclosure of these records could damage the preservation and gathering of evidence, endanger witnesses, and harm the government's prosecution of Plaintiff's appeal. *Id.* Because disclosure of these records could interfere with an ongoing criminal investigation, the Secret Service properly withheld them under Exemption 7(A).

### D. Exemption 7 (C)

Exemption 7 (C) of the FOIA protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984). It is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir.1975)). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S.*

*Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir.1992) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).  The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." *SafeCard Servs.*, 926 F.2d at 1205.

The Secret Service invokes Exemption 7(C) to protect the names, signatures, and telephone numbers of Secret Service law enforcement personnel.  *See* Decl. of Kathy J. Lyerly ¶¶ 21, 25.  The agency asserts that disclosure of this information could subject these individuals to harassment in the conduct of their official duties or in their private lives.  *Id.* ¶ 21.  The Secret Service also withheld the names and other identifying information concerning third parties who provided information to the agency in connection with a criminal investigation and third parties who were charged with or suspected of criminal activity.  *Id.* ¶ 23.  The Secret Service contends that disclosure of the identifying information could seriously impede future law enforcement efforts and expose these individuals to harassment or other harm.  *Id.*  In addition, the disclosure of the identities of those suspected of criminal activity could stigmatize those individuals and damage their reputations.  *Id.* ¶ 24.

The deletion of the names and identifying information of law enforcement personnel has been routinely upheld.  *See Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980) (finding legitimate interest in preserving identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); *Pray v. Dep't of Justice*, 902 F.Supp. 1, 3 (D.D.C. 1995) (possibility of animosity toward FBI agents outweighed any possible benefit of disclosure), *aff'd in relevant part,* 1996 WL 734142 (D.C. Cir. Nov. 20,

1996). In addition, the names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from disclosure. *See Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Reporters Comm. for Freedom of the Press*, 489 U.S. at 779); *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987). With respect to a cooperating witness, our court of appeals has stated: "'[e]xemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C.Cir.1990)) (other citation and internal quotation marks omitted); *see also Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)").

    Defendant has proffered a legitimate individual privacy interest in non-disclosure under Exemption 7(C). Therefore, the Court must now balance the privacy interest of the individual mentioned in the record against the public's interest in disclosure. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). Once a privacy interest is identified under Exemption 7(C), the FOIA records requester must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Id.* The requester must provide evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred. *Id.* at 174.

As noted earlier, "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis*, 968 F.2d at 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773).  Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C).  *Blanton v. United States Dep't of Justice*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999) (quoting *Davis*, 968 F.2d at 1282)).  In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure. *Spirko v. United States Postal Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998); *Voinche v. FBI*, 46 F. Supp. 2d 26, 33 (D.D.C. 1999).

Plaintiff asserts that he needs the requested documents to show that the government acted improperly in his criminal case.  *See* Pl.'s Resp. to Defts.' Mot. for Sum. J. at 26.  Plaintiff's desire for the information is irrelevant.  *Favish*, 541 U.S. at 174; *Reporters Comm.*, 489 U.S. at 773.  The fact that Plaintiff seeks the information to advance a private agenda is not a proper basis for disclosure under FOIA.  *See, e.g., Horowitz v. Peace Corps*, 428 F.3d 271, 278-79 (D.C. Cir. 2005) (plaintiff's need for records to pursue civil suit irrelevant), *cert. denied*, 547 U.S. 1041 (2006); *Taylor v. U.S. Dep't of Justice*, 268 F. Supp. 2d 34, 36 (D.D.C. 2003) (no public interest in disclosure of information to assist plaintiff in challenging conviction).  Therefore, the Secret Service properly withheld the records under Exemption 7(C).

### E. Exemption 7(D)

Exemption 7(D) of the FOIA protects from disclosure those records or information compiled for law enforcement purposes that

could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . information furnished by a confidential source.

5 U.S.C. § 552 (b)7(D). To invoke Exemption 7(D), an agency must show either that a source provided the information to the agency under express assurances of confidentiality or that the circumstances support an inference of confidentiality. *See U. S. Dep't of Justice v. Landano*, 508 U.S. 165, 179-81 (1993). When determining the latter, the proper inquiry is "whether the particular source spoke with an understanding that the communication would remain confidential." *Id*. at 172. The government is not entitled to a presumption that all sources supplying information in the course of a criminal investigation are confidential sources. An implied grant of confidentiality may be inferred, however, from the circumstances surrounding the imparting of the information, including the nature of the criminal investigation and the informant's relationship to the target. *See id*; *see also Computer Professionals for Soc. Responsibility*, 72 F.3d at 905-06.

Under this exemption, the Secret Service withheld information provided by a source identified by name as a confidential source. *See* Decl. of Kathy J. Lyerly ¶ 27. The agency declaration does not assert that this source offered information with an expressed or implied assurance of confidentiality. Therefore, the Court cannot affirm the agency's withholding of the source information under Exemption 7(D).[2]

---

[2] This information, however, comes within the ambit of the agency's withholding under Exemption 7(C) because it reveals the identity of a third party in the Secret Service's investigative files.

**F. Segregability**

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). A Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C. Cir. 1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

Having reviewed the agency's declaration, the Court concludes that the Secret Service has withheld only the records or portions of records exempt under FOIA's provisions, and that all reasonably segregable material has been released. *See* Decl. of Kathy J. Lyerly ¶ 31. With respect to these records, the agency's declaration and attachments adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn*, 484 F.2d at 827.

**IV. CONCLUSION**

Based on the foregoing, the Court will grant Defendants' motion. An appropriate order accompanies this Memorandum Opinion.

/s/
GLADYS KESSLER
United States District Judge

July 23, 2007